UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHH MORTGAGE CORPORATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 14-10495-MGM |
| AMY LANOU, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 22)

January 13, 2015

MASTROIANNI, U.S.D.J.

I.  INTRODUCTION

PHH Mortgage Corporation ("Plaintiff") brings this diversity action against Amy Lanou ("Defendant") primarily seeking possession of property following a foreclosure sale as well as a purported foreclosure by entry. Defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons which follow, the court agrees with Defendant that Plaintiff has not satisfied the $75,000 amount in controversy. Accordingly, the court will allow Defendant's motion to the extent it seeks dismissal for lack of subject matter jurisdiction.

II.  BACKGROUND

The following facts come directly from Plaintiff's amended complaint and attachments thereto. Plaintiff is a corporation organized and existing under the laws of New Jersey, and Defendant resides in Springfield, Massachusetts. (Dkt. No. 27, Am. Compl. ¶¶ 1-2.) On June 20, 2003, Defendant executed a note to Fleet National Bank ("Fleet") in the amount of $75,810. (Id. ¶

5.)  To secure the loan obligation, Defendant gave a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Fleet on property located at 222 Rosewell Street, Springfield Massachusetts.  (Id. ¶ 6.)  On July 27, 2010, the mortgage was assigned to Plaintiff.  (Id. ¶ 7.)  In 2010, Defendant defaulted on her loan obligation.  (Id. ¶ 8.)  On November 23, 2010, the Massachusetts Land Court issued a judgment authorizing Plaintiff, in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 et seq., to foreclose upon the property in accordance with the statutory power of sale contained in the mortgage.  (Id. ¶ 15; Dkt. No. 27, Ex. I.)  On December 1, 2010, the foreclosure sale occurred, and the foreclosure deed vested title to the property in favor of Plaintiff thereafter.  (Doc. No. 27, Am. Compl. ¶¶ 16-17.)

On January 18, 2011, Plaintiff recorded the foreclosure deed as well as a writ of entry at the Hampden County Register of Deeds.[1]  (Id. ¶ 17.)  Defendant has not voluntarily vacated the property at the expiration of a notice to quit served on her.  (Id. ¶¶ 18-19.)  Defendant is currently in possession of the property, but no landlord-tenant relationship has ever existed between Plaintiff and Defendant.  (Id. ¶¶ 20-21.)  Rather, Defendant is occupying the property under a tenancy-at-sufferance.  (Id. ¶ 21.)  Moreover, Defendant has not paid, since the foreclosure sale, any use and occupancy for the continued possession of the property.  (Id. ¶ 22.)  Plaintiff further alleges that all of Defendant's right, title, and interest in the property, including her right to possess the property, terminated on December 1, 2010 at the foreclosure sale upon the execution of the Memorandum

---

[1] A writ of entry documents a peaceable entrance onto the property, following a default, and a declaration that entry is being made for the purpose of foreclosing on a mortgage in accordance with M.G.L. c. 244, §§ 1, 2, i.e., initiating a foreclosure by entry.  In addition to foreclosing by way of the statutory power of sale, mortgagees often also attempt foreclosure by entry, which requires three years of uninterrupted, peaceable possession.  See U.S. Bank Nat. Ass'n v. Ibanez, 941 N.E.2d 40, 49 n.15 (Mass. 2011) ("An alternative to foreclosure through the right of statutory sale is foreclosure by entry, by which a mortgage holder who peaceably enters a property and remains for three years after recording a certificate or memorandum of entry forecloses the mortgagor's right of redemption. . . .  A foreclosure by entry may provide a separate ground for a claim of clear title apart from the foreclosure by execution of the power of sale." (citations omitted)); Goff v. White, 636 N.E.2d 1369, 1371 n.8 (Mass.App.Ct. 1994) ("It has long been common practice for mortgagees to use both [the foreclosure by entry and foreclosure by power of sale] methods concurrently . . . since proper execution of the former obviates any defects in the latter." (citations and internal quotation marks omitted)).

2

and Sale. (Id. ¶¶ 24-25.) In addition, Plaintiff alleges that on January 18, 2014, "[u]pon the expiration of three years of uninterrupted peaceable possession, [it] acquired title to the property" by means of a foreclosure by entry. (Id. ¶¶ 29-30.)

In Count I, Plaintiff seeks a judgment for possession of the property. (Id. ¶ 34.) Moreover, Plaintiff alleges that it "has experienced damages as a result of Defendant's refusal to relinquish possession and control of the Property in excess of [$75,000] including its inability to re-sell the property, and its advancement of taxes, insurance, property preservation costs and legal fees which will continue to accrue." (Id. ¶ 33.)[2] In Count II, Plaintiff seeks a writ of assistance pursuant to M.G.L. c. 239 and 28 U.S.C. § 1651, to enforce the requested judgment for possession. (Id. ¶ 36.)

### III. STANDARD OF REVIEW

As courts of limited jurisdiction, federal courts "have 'a responsibility to police the border of federal jurisdiction.'" CE Design Ltd. v. American Economy Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001)). Diversity jurisdiction only exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C. § 1332. The party seeking to invoke jurisdiction – in this case, Plaintiff – has the burden of showing that the amount in controversy requirement has been met. Speilman, 251 F.3d at 4. Normally, "[a] plaintiff's 'general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court.'" Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012) (quoting Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004)). "However, once the opposing party has questioned the amount, 'the party seeking to invoke jurisdiction has the burden of alleging with

---

[2] Plaintiff also alleges that because "the object of the litigation" is the foreclosed property, and the foreclosure deed was in the amount of $76,270.06, the amount in controversy exceeds $75,000. (Id. ¶ 3.) Accordingly, Plaintiff asserts that this court has subject matter jurisdiction due to diversity of citizenship under 28 U.S.C. § 1332. (Id.)

3

sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id. at 42 (quoting Stewart, 356 F.3d at 338)). "This burden may be met by amending pleadings or submitting affidavits." Id. Lastly, "[c]ourts determine whether a party has met the amount-in-controversy requirement by 'looking to the circumstances at the time the complaint is filed.'" Spielman, 251 F.3d at 5 (quoting Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995)).

IV. ANALYSIS

In seeking dismissal, Defendant argues that it is clear from the face of Plaintiff's amended complaint that the $75,000 amount in controversy requirement is not met.[3] Defendant asserts that the amount Plaintiff paid to acquire title to the property at the foreclosure sale does not represent the amount in controversy. Moreover, Defendant argues, Plaintiff has not alleged sufficient facts demonstrating that any damages would come close to the jurisdictional amount. Plaintiff argues that the court should measure the amount in controversy with reference to the value of the property at issue. Thus, Plaintiff argues, the amount in controversy is met because the property is worth more than $75,000, as demonstrated by the foreclosure deed, the City of Springfield's assessment, and a broker's price opinion, all of which Plaintiff attached to its opposition to Defendant's motion to dismiss.

Because Defendant has challenged Plaintiff's assertion of the amount in controversy, the burden has shifted to Plaintiff "to allege with 'sufficient particularity' facts that in some way support the contention that there is more than $75,000 at stake." Abdel-Aleem, 665 F.3d at 42. In fact, Plaintiff already was on notice of Defendant's jurisdictional challenge when it filed its amended

---

[3] Defendant asserts other grounds for dismissal as well, namely, that Plaintiff may only seek possession by way of a summary process claim (which it has not asserted), that claim preclusion bars the action, and that Plaintiff has not maintained three years of peaceable possession of the property under M.G.L. c. 244, § 1. The court, however, will not address these additional arguments because it concludes that it lacks subject matter jurisdiction.

4

complaint in light of Defendant's motion to dismiss the original complaint on the same grounds. Despite this warning, however, Plaintiff included only minimal additional allegations regarding the amount in controversy. See id. (lamenting that "[e]ven though [the plaintiff] was warned of [the defendant's] opposition by its Rule 12(b)(1) motion to dismiss, he added only further generalizations to the description of his damages in the Amended Complaint, which did not provide any specifics or basis for the alleged amount in controversy."). These additional allegations, the court concludes, do not sufficiently demonstrate that Plaintiff's claims exceed the $75,000 jurisdictional threshold.

First, contrary to Plaintiff's argument, the amount in controversy is not measured by the entire value of the property. Plaintiff makes clear in the amended complaint that it has already acquired legal title to the property through both the foreclosure sale and foreclosure by entry. Accordingly, Plaintiff is primarily seeking possession of the property – essentially, the eviction of Defendant. While Plaintiff is correct that "the amount in controversy is measured by the value of the object of the litigation," Hunt v. Washington State Apple Advertising Com'n, 432 U.S. 333, 347 (1977), superseded on other grounds, here the object, or purpose, of the litigation is not the value of the physical property – which, according to Plaintiff, it already owns – but, rather, the value of Plaintiff's purported right to possession. See, e.g., id. ("Here, that object is the right of the individual Washington apple growers and dealers to conduct their business affairs in the North Carolina market free from the interference of the challenged statute.").

Plaintiff cites two cases from this district, Larance v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 150-51 (D.Mass. 2013) and Barbosa v. Wells Fargo Bank, N.A., 2013 WL 4056180, at *4 (Aug. 13, 2013), and a case out of the Fifth Circuit, Groves v. Rogers, 547 F.2d 898, 900 (5th Cir. 1977), which hold that the amount in controversy in "try title" actions is the value of the property. But this court is not presented with a try title action, in which a plaintiff seeks to litigate the title to the property or bar the defendant from asserting its claim to title. See, e.g., Larance, 972 F. Supp. 2d

5

at 150 (explaining that the try title statutes, Mass. Gen. Laws ch. 240, §§ 1-5, are "designed to compel adverse claimants to a piece of property to either assert their claim or forever abandon it"); Barbosa, 2013 WL 4056180, at *4 ("Here, the purpose of the Barbosas' try title action is to protect their title to the premises against possible adverse claims of title."). In contrast, under the circumstances presented here, where Plaintiff merely seeks possession of property it already owns as well as incidental damages stemming therefrom, courts have held that the amount in controversy is not the value of the property. See Leonard Parness Trucking Corp. v. Omnipoint Communications, Inc., 2013 WL 6002900, at *6 (D.N.J. Nov. 12, 2013) ("Defendant has failed to demonstrate – by a preponderance of the evidence or to a legal certainty – that Plaintiff stands to gain anything more than the property it already owns by virtue of this eviction."); Litton Loan Servicing v. Villegas, 2011 WL 204322, at *2 (N.D.Cal. Jan. 21, 2011) ("In unlawful detainer actions, moreover, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. Here, these damages are less than $75,000. In unlawful detainer actions such as this one, California courts have noted that 'the right to possession alone [is] involved' – not title to the property. . . . Since this unlawful detainer cause of action is concerned only with possession of the Property, damages are limited to those incident to the unlawful detention of said Property." (citations omitted)); Deutsche Bank Nat'l Trust, N.A. v. Santiago, 2010 WL 4636204, at *2 (C.D.Cal. Nov. 5, 2010) ("Although Defendants insist that the amount in controversy is actually the value of the property, or $390,000, . . . the court notes that Plaintiff owns the property as a result of a foreclosure sale . . . . Thus, Plaintiff is not seeking ownership of the home, but only eviction of Defendants."); Wells Fargo Bank, N.A. v. Meaney, 2009 WL 1044560, at *2 (W.D.Mich. April 17, 2009) ("Contrary to Defendants' assertions, the amount in controversy has not been met. Plaintiff's complaint does not seek any money damages. It is solely a complaint for possession of property after the expiration of the redemption period following a mortgage foreclosure sale. Contrary to

6

Defendants' assertions, the amount in controversy in an action for possession of property is not measured by the value of the property.").

Second, although Plaintiff also seeks damages for "its inability to re-sell the property, and its advancement of taxes, insurance, property preservation costs and legal fees" – which damages, Plaintiff asserts, exceed $75,000 (Dkt. No. 27, Am. Compl. ¶ 33) – this allegation is of little help. Just as in Abdel-Aleem, Plaintiff "provided no substantiation for or valuation of" these specific damages. Abdel-Aleem, 665 F.3d at 42.[4] And while "[a] plaintiff's good faith allegation of damages meeting the required amount in controversy is usually enough," CE Design Ltd., 755 F.3d at 43, it is important to remember that "[g]ood faith is measured objectively; '[t]he question . . . is whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth' more than the jurisdictional minimum." Abdel-Aleem, 665 F.3d at 41 (quoting Coventry Sewage Assocs., 71 F.3d at 6); see also id. at 43 ("While we must 'give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligation if it accepted every claim of damages at face value. . . . Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.'" (quoting Diefenthal v. C. A. B., 681 F.2d 1039, 1052 (5th Cir. 1982))). Moreover, Plaintiff has provided no support for the assertion that legal fees would be recoverable in this action. See Speilman, 251 F.3d at 7 ("Normally, attorney's fees are excluded from the amount-in-controversy determination because 'the successful party does not collect his attorney's fees in addition to or as part of the judgment.' . . . There are two exceptions to this rule: when the fees are provided for by contract, and when a statute mandates or allows payment of the fees." (quoting Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir. 1979))).

---

[4] Plaintiff has provided, as an attachment to its opposition to Defendant's motion to dismiss, a printout of the real estate tax payment history for the property for tax year 2015, showing a total tax due of $939.88 for the first and second quarters. (Dkt. No. 29, Ex. 3.) Even assuming that this amount represents half the total property taxes due for the year, that Plaintiff paid a similar amount in the preceding years since the foreclosure sale, and that such taxes are recoverable as damages in this action, Plaintiff is well short of the jurisdictional amount.

7

In the end, the court concludes to a legal certainty that Plaintiff's claims are worth less than $75,000. Based on the original note, the foreclosure deed, the assessment, and the broker's price opinion, it appears that the entire value of the property is worth approximately $80,000. Thus, the courts finds from an objective standpoint that the mere value of possession of the property, as well as incidental damages accruing since December 1, 2010, does not exceed $75,000. Plaintiff simply has not provided sufficiently particular facts demonstrating otherwise. Accordingly, this court lacks subject matter jurisdiction over the action.

V. CONCLUSION

For these reasons, the court ALLOWS Defendant's motion to dismiss (Dkt. No. 22) to the extent it seeks dismissal for lack of subject matter jurisdiction.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge